UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Patrick Suschak and Christina Suschak | Bankruptcy No. 19-20402-CMB |
| | Chapter 13 |
| Debtors | |
| Patrick Suschak and Christina Suschak | |
| Movants | DD No. |
| v. | Related to DD No. 62, 71 |
| Ronda J. Winnecour, Chapter 13 Trustee, Freedom Mortgage Corporation | |
| Respondents | |

**ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND DIVESTED OF LIENS**

AND NOW, this _____ day of _____, 2021, on consideration of the Debtors' **Motion for Sale of Property Free and Divested of Liens** to Jarod L. Trunzo for $220,000, after hearing held via Zoom video conferencing, the Court finds:

(1)    That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for private sale, viz:

| DATE OF SERVICE | NAME OF LIEN AND/OR SECURITY |
|---|---|
| 5/27/2021 | Freedom Mortgage Corporation<br>Served electronically via ECF System to Counsel of Record, Mario Hanyon, Esq.<br>Mortgage lien |

(2)    That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving

party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

(3) That said sale hearing was duly advertised in the Latrobe Bulletin on June 2, 2021 and in the Westmoreland Legal Journal on June 4, 2021, as shown by the Proof of Publications duly filed.

(4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $220,000 offered by Jarod L. Trunzo was a full and fair price for the property in question.

(6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F2d. 143 (3d Cir. 1986).

(7) That the commission earned by the Debtors' realtor, Scalise Real Estate of 6%, totaling $13,200 in this sale, is appropriate and proper.

Now therefore, IT IS ORDERED, ADJUDGED AND DECREED that the sale by Special Warranty deed of the real property described as 712 Chestnut Street, Latrobe, PA 15650 is hereby CONFIRMED to Jarod L. Trunzo for $220,000, free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be

valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing, in the order provided. Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.

(1) Delinquent real estate taxes, if any;

(2) Current real estate taxes, water/sewage bills, and condo/maintenance fees, pro-rated to the date of closing;

(3) Realty Transfer taxes in the amount of $2,200;

(4) Deed preparation costs of $175;

(5) Municipal Certification Fees of $300

(6) Settlement fees of $300;

(7) Realtor's commission of $13,200;

(8) Additional brokerage charges of $275;

(9) The costs of local newspaper advertising in the amount of $58.40, paid to Counsel for the Debtor;

(10) The costs of legal journal advertising in the amount of $40.50 paid to Counsel for the Debtor;

(11) The balance of the mortgage lien held by Freedom Mortgage Company, totaling $165,580.66 as of July 12, 2021, with per diem costs of $16.30;

(12) Chapter 13 Trustee "percentage fees" in the amount of $3.89 payable to "Ronda J. Winnecour, Ch. 13 Trustee, P.O. Box 2587, Pittsburgh, PA. 15230";

(13) Motion filing fees of $181, to Counsel for the Debtor;

(14) The Debtors' exemption, up to a maximum of $40,206, to be sent to Counsel for the Debtor to be provided to Debtors;

(15) Additional exemption proceeds, up to a maximum of $2,500, to be provided to the Chapter 13 Trustee, to be held in escrow until the Debtors' Amended Exemptions are resolved, and then to be distributed accordingly;

(16) The "net proceeds" from the closing as identified on the HUD-1 to be provided to the Chapter 13 Trustee for purposes of payment to unsecured creditors.

It is FURTHER ORDERED that:

(1) Closing shall occur within forty-five (45) days of this Order and, within five (5) days following closing, the Movant shall file a report of sale;

(2) This Sale Confirmation Order survives any dismissal or conversion of the within case; and,

(3) Within five (5) days of the date of this Order, the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

BY THE COURT:

_____
Carlota M. Böhm, Chief Judge
United States Bankruptcy Court
Western District of Pennsylvania